## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| BOILERMAKER-BLACKSMITH<br>NATIONAL PENSION TRUST and JOHN<br>FULTZ as a Fiduciary of the<br>BOILERMAKER-BLACKSMITH<br>NATIONAL PENSION TRUST,<br><br>            Plaintiffs,<br><br>      vs.<br><br>BECKER BOILER CO., INC.,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br><br><br>Case No. 2:19-cv-_____ |

### COMPLAINT

Plaintiffs, Boilermaker-Blacksmith National Pension Trust (the "Pension Fund") and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust (collectively "Plaintiffs"), by their counsel, Tucker Arensberg, P.C., file the following Complaint:

### REQUEST FOR PLACE OF TRIAL

1.      Pursuant to District of Kansas Rule 40.2, the Pension Fund requests that trial be held in Kansas City, Kansas.

### NATURE OF THE ACTION

2.      Plaintiffs bring this action under Section 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1451, for the collection of withdrawal liability, interest, liquidated damages and attorneys' fees incurred as the result of Defendant Becker Boiler Co., Inc.'s ("Becker Boiler") failure to make withdrawal liability payments pending its dispute of such liability.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

4.      Venue lies in this district under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), because the Pension Fund is administered in this district.

## PARTIES

5.      The Pension Fund is an employee benefit pension plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), that maintains its principal place of business at 754 Minnesota Avenue, Kansas City, Kansas 66101.

6.      The Pension Fund is a multi-employer pension plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and has been established pursuant to Section 302(c)(5) of the Labor Management Relations Act ("Taft-Hartley Act"), 29 U.S.C. § 186(c)(5).

7.      The Pension Fund is maintained for the purpose of providing retirement and related benefits to eligible participants and beneficiaries.

8.      Plaintiff John Fultz is a fiduciary of the Pension Fund within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

9.      Upon information and belief, Defendant Becker Boiler is a corporation which, at all relevant times, had its principal place of business at 1785 E Bolivar Avenue, St. Francis, Wisconsin 53235.

## BACKGROUND

10.     At all relevant times, the Pension Fund was a third-party beneficiary to a collective bargaining agreement (the "CBA") between Becker Boiler and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers of America

(the "Union"), under which agreement Becker Boiler was obligated to report and submit Pension

Fund contributions for each hour of work covered by the CBA.

11.     At all relevant times, Becker Boiler was subject to the Pension Fund's Trust

Agreement, the relevant portions of which are attached as **Exhibit A.**

12.     Following the termination of the Union's status as the bargaining representative

of Becker Boiler's employees, on June 12, 2018, the Pension Fund's Board of Trustees (the

"Board") voted to terminate Becker Boiler as a contributing employer to the Pension Fund.   The

effective date of termination was August 1, 2018.

13.     The Board's termination of Becker Boiler from the Pension Fund triggered a

complete withdrawal under Section 4203(a) of ERISA due to the permanent cessation of Becker

Boiler's obligation to contribute to the Pension Fund.

14.     The Board determined that expelling Becker Boiler from the Pension Fund was in

the best interests of the participants and beneficiaries of the Pension Fund.

15.     In accordance with Sections 4202 and 4219 of ERISA, 29 U.S.C. §§ 1382 and

1399, the Pension Fund sent Becker Boiler a Withdrawal Liability Notice and Demand dated

November 13, 2018 (the "Notice and Demand"), attached as **Exhibit A**, informing Becker Boiler

that:

   a.  The Board voted to terminate Becker Boiler as a contributing employer to the
       Pension Fund, triggering a complete withdrawal from the Plan within the
       meaning of Section 4203(a)(1) of ERISA, 29 U.S.C. §1383(a)(1).

   b.  Becker Boiler's withdrawal liability for 2018 was $1,057,915.00.

   c.  Becker Boiler could discharge the withdrawal liability by either making a
       lump-sum payment of the entire amount of withdrawal liability or by making
       monthly payments in accordance with the payment schedule provided.

   d.  The first monthly payment was due 60 days from the date of the Notice and
       Demand, i.e., January 14, 2019.

16.     On February 6, 2019, Becker Boiler served the Pension Fund with a Request for

Review under Section 4219(b)(2)(A) of ERISA, attached as **Exhibit B**.

17.     Becker Boiler has ignored ERISA's procedures that require it to make withdrawal liability payments to the Pension Fund under the schedule in the Notice and Demand letter, regardless of Becker Boiler's Request for Review.

18.     To date, Becker Boiler has made no withdrawal liability payments to the Pension Fund as set forth in the Notice and Demand letter.

19.     In accordance with Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(5), the Pension Fund sent Becker Boiler 60-Day Cure Notices for Becker Boiler's first through third monthly payments (January 2019 through March 2019) (collectively, the "Cure Notices").  The Cure Notices are attached hereto as **Exhibit C**.

20.     In each Cure Notice, the Pension Fund advised Becker Boiler that failure to cure its delinquent payments (with liquidated damages of 10% and interest of 12% annually on both the principal and the liquidated damages) would result in the Pension Fund initiating an action in federal court to collect them, plus additional interest, attorneys' fees and costs.  *See* **Exhibit C**.

21.     Since Becker Boiler has requested review, the applicable regulations, 29 C.F.R. § 4219.31(c), prevent the Pension Fund from invoking the acceleration provision under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), which would otherwise require Becker Boiler to make the immediate payment of the entire outstanding amount of its withdrawal liability.  Thus, in this action, the Pension Fund is currently able to only collect the overdue payments from Becker Boiler, as well as future payments as they become due.

22.     As of the date of filing, Becker Boiler has not cured any of the payments that were the subject of the Cure Notices.

<u>**COUNT I**</u>
**WITHDRAWAL LIABILITY PAYMENTS AND STATUTORY DAMAGES**
**UNDER 29 U.S.C. §§ 1399(c)(2), 1451(b), AND 1132(g)(2)**

23.     The Pension Fund incorporates the foregoing allegations as if fully set forth at length.

24.     Becker Boiler is indebted to the Pension Fund due to its failure to make withdrawal liability payments that arose due to its complete withdrawal from the Pension Fund and pursuant to the CBA, which incorporates the Pension Fund's Trust Agreement.

25.     The Pension Fund notified Becker Boiler by letter dated November 13, 2018, that Becker Boiler had withdrawn from the Pension Plan within the meaning of Section 4203 of ERISA, 29 U.S.C. §1383, and provided a payment schedule for the payment of withdrawal liability.  *See* **Exhibit A**.

26.     Under Section 4219(c)(2) of ERISA, Becker Boiler was required to begin making withdrawal liability payments to the Pension Fund under the schedule set forth in the Notice and Demand letter beginning no later than 60 days after its receipt of the Notice and Demand letter, notwithstanding its Request for Review.

27.     Becker's first withdrawal liability payment was due on January 14, 2019.

28.     To date, Becker Boiler has made no withdrawal liability payments to the Pension Fund.

29.     Under Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), delinquent withdrawal liability payments are accorded the same treatment as delinquent contributions under Section 515 of ERISA, 29 U.S.C. § 1145.

30.     Becker Boiler is currently delinquent to the Pension Fund for five missed withdrawal liability payments (January 2019 through June 2019) under Sections 502(g)(2)(A), 4219(c)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(2), and 1451(b).

31.     Because the above delinquent withdrawal liability payments are accorded the same treatment as delinquent contributions, the Pension Fund is also entitled to recover, and therefore demands, the mandatory add-ons set forth in Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2):  interest and liquidated damages at the rates in the Pension Fund's Trust Agreement; reasonable attorneys' fees and costs; and any other legal or equitable relief the Court deems appropriate.

32.     The monthly withdrawal liability payments, liquidated damages, interest, attorneys' fees and costs to which the Pension Fund is entitled will keep increasing in the event that Becker Boiler continues ignoring its obligations to pay them.

33.     The Pension Fund reserves its right to submit its calculations and collect all additional amounts as they become due and owing upon the Court's entry of judgment in this action.

WHEREFORE, Plaintiffs Boilermaker-Blacksmith National Pension Trust and John Fultz as a fiduciary of the Boilermaker-Blacksmith National Pension Trust demand judgment against Defendant, Becker Boiler for all delinquent withdrawal liability payments, plus additional monthly withdrawal liability payments that shall become due and owing, as well as all interest, the greater of interest (double interest) or liquidated damages, attorneys' fees and costs permitted under 29 U.S.C. § 1132(g)(2).

Respectfully submitted,

TUCKER ARENSBERG, P.C.

*/s/ Neil J. Gregorio*
Neil J. Gregorio, Esquire
Ks. Id. No. 28000
Pa. Id. No. 90895

1500 One PPG Place
Pittsburgh, PA  15222
(412) 566-1212

Counsel for the Plaintiffs, Boilermaker-Blacksmith National Pension Trust and John Fultz as a Fiduciary of the Boilermaker-Blacksmith National Pension Trust

TADMS:5163668-1 032403-187081