IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH )
NATIONAL PENSION TRUST, et al., )
)
      Plaintiffs, )
)
v. )
) Case No. 19-2346-CM-JPO
BECKER BOILER CO., INC., )
)
      Defendant. )
)

## MEMORANDUM AND ORDER

This matter is before the court on defendant Becker Boiler's Motion to Dismiss Complaint. (Doc. 5.) Plaintiffs Boilermaker-Blacksmith National Pension Trust Fund and John Fultz as Fiduciary (collectively, the "Fund") bring this action for withdrawal liability payments under the Employment Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1381, *et seq*. ("MPPAA"). Due in part to pending arbitration, defendant moves to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted. For the following reasons, the court denies defendant's motion.

    **I.    BACKGROUND**

The Fund is a third-party beneficiary to a collective bargaining agreement ("CBA") between defendant and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers of America (the "Union"). Plaintiffs allege that, under the CBA, defendant was obligated to report and submit Pension Fund contributions for work covered by the agreement's terms. After the Union lost its status as the bargaining representative of defendant's employees, the Fund's Board of

-1-

Trustees voted to terminate defendant as a contributing employer to the Pension Fund, effective August 1, 2018. The Fund believes that this termination triggered a complete withdrawal under ERISA due to the "permanent cessation of [defendant's] obligation to contribute to the Pension Fund." (Doc. 1, at 3.)

The Fund sent defendant a Withdrawal Liability Notice and Demand ("Notice and Demand"). The Notice and Demand, dated November 13, 2018, alleged withdrawal liability of $1,057,915.00, provided a proposed payment schedule, and set a first monthly payment due date of January 14, 2019. Defendant responded with a Request for Review, (1) requesting the Fund's basis for defendant's termination and contesting the effective date of withdrawal notice; (2) disputing the Fund's liability calculation on multiple grounds; (3) asserting that liability would cause irreparable harm to defendant's business; and (4) requesting the matter be submitted for review by the plan sponsor. (Doc. 1-2, at 1–4.) Defendant commenced arbitration, and arbitration is now pending on all issues.

The Fund filed this suit on June 26, 2019, seeking allegedly overdue and future withdrawal liability payments under ERISA. (Doc. 1, at 4–5.) Defendant now moves to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that the Fund's claim is both subject to pending arbitration and inadequately pleaded.

## II. LEGAL STANDARDS

### A. 12(b)(1)

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) generally takes one of two forms: a facial challenge or a factual challenge. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). A facial attack challenges the allegations in the complaint, while a factual attack goes beyond the complaint, challenging the facts on which subject matter jurisdiction is based. *Id.* In reviewing a

factual attack, the court has broad discretion to consider affidavits and other documents outside the pleadings. *Id.*

### B.  12(b)(6)

On motion under Fed. R. Civ. P. 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards legal conclusions worded as factual allegations, and grants the non-moving party all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

## III.  DISCUSSION

Defendant's theory of dismissal has shifted slightly between its initial and reply briefing, but remains properly raised. It seems the Fund's theory of recovery was not entirely obvious to defendant until opposition briefing, so defendant further argues that the complaint did not put it on notice of the Fund's interim payment claim. To that end, the instant motion is construed as raising both: (1) lack of jurisdiction due to pending arbitration pursuant to 12(b)(1); and (2) failure to state a claim for interim withdrawal liability payments pursuant to 12(b)(6). The court resolves jurisdiction first.

### A.  The Court Has Jurisdiction[1]

Although ERISA provides for mandatory arbitration, the Act's grant of jurisdiction includes any "action for appropriate legal or equitable relief" for a covered party "adversely affected by the act or omission of any party under [ERISA]." 29 U.S.C. § 1451(a)(1), (c). Employers obligated to make contributions to a multi-employer plan "shall . . . make such contributions in accordance with the terms

---

[1] Defendant appears to have largely abandoned its original arbitration-based theory on reply briefing after realizing that the dispute was not actually an erroneous suit over the identical issues referred to arbitration.

-3-

and conditions" of the plan or agreement, *id.* § 1145, and the failure to make withdrawal liability payments will be treated similarly as a delinquent payment, *id.* § 1451(b). The Fund alleges that defendant owes withdrawal liability payments under ERISA and that defendant has not paid. Whether treated as an act or omission, the court has jurisdiction "without regard to the amount in controversy" so long as the payments are not currently within the arbitral dispute. *Id.* § 1451(c); *see Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Courtad Const. Sys., Inc.*, 439 F. Supp. 2d 574, 581 n.9 (E.D. Va. 2006) (collecting cases recognizing claim).

### B. The Fund States a Claim for Relief

Under ERISA, as amended by the MPPAA, an employer that withdraws from a multi-employer pension fund is liable to the fund in accordance with the statute. 29 U.S.C. § 1381(a). Upon an employer's withdrawal, the fund sponsor shall (1) determine the amount of the employer's withdrawal liability; (2) notify the employer of the amount of withdrawal liability and a schedule for payments; and (3) demand and collect the amount from the employer. *Id.* §§ 1382, 1399(b)(1). Within 90 days of this Notice and Demand, the employer may (1) request review of "any specific matter" regarding liability and the schedule of payments; (2) identify any inaccuracy of the alleged unfunded vested benefits allocated to the employer; and (3) provide any additional information to the fund. *Id.* § 1399(b)(2)(A). The fund shall then respond to this Request for Review with (1) the fund's decision; (2) the basis for that decision; and (3) if there are any changes in the employer's liability or payment schedule, the reasons for those changes. *Id.* § 1399(b)(2)(B). In this final responsive back-and-forth, either party may initiate arbitration within a 60-day period after the earlier of (1) the date of the fund's response to the employer under § 1399(b)(2)(B), or (2) 120 days after the employer's Request for Review under § 1399(b)(2)(A). *Id.* § 1401(a)(1). However, "[p]ayments shall be made by an employer . . . until the arbitrator issues a final decision with respect to the [issues] submitted for

arbitration," adjusted as necessary "for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination." *Id.* § 1401(d).

Absent the jurisdictional issue of arbitration, defendant argues that the complaint does not specifically refer to "interim" payments, the "pay now, dispute later" rule, or 29 U.S.C. § 1401(d) by name. Without this specificity, defendant believes, the complaint does not provide notice that the Fund is pursuing interim withdrawal liability payments, rather than the same "withdrawal liability" assessment within the parties' arbitration. The court disagrees.

While there is disagreement over any defensive exception to the so-called "pay now, dispute later" rule, and the Tenth Circuit has yet to address the issue, there is sufficient agreement on the operation of the general claim. *See Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 726 F.3d 738, 750–52 (6th Cir. 2013) (collecting cases and discussing circuit split over defenses).

Under ERISA,

[w]ithdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor . . . beginning no later than 60 days after the date of the demand not withstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.

29 U.S.C. § 1399(c)(2). In light of the Act's notice-and-response framework, a claim for withdrawal liability generally requires: (1) a multi-employer pension plan; (2) a notice of liability and schedule for payments; (3) a demand for payment; and (4) non-payment by defendant. *See id.* § 1399(b)(1), (c)(2). The parties do not seriously contest whether the Fund alleges these elements, but the court notes that the Fund has pleaded these requirements. Rather, the only issue is whether a defendant can be sufficiently on notice of interim payment liability when a plaintiff raises withdrawal liability under § 1399(c)(2) without invoking § 1401(d) in the complaint.

The court is not persuaded that the Fund must specifically invoke § 1401(d) so long as the complaint expressly references the § 1399(c)(2) withdrawal liability, non-payment, and a requirement to make payments regardless of dispute and review. (*See* Doc. 1, at 2, 4–5.)[2] The interim payment requirement is derivative of the allegation of withdrawal liability. *See* 29 U.S.C. § 1399(c)(2); *Galgay v. Beaverbrook Coal Co.*, 105 F.3d 137, 138 (3d Cir. 1997) (discussing "interim withdrawal liability payments"). Section 1401 generally provides procedures applicable to ERISA arbitration and certain special dispute rules, with § 1401(d) operating to clarify that just as payments "shall be made" for withdrawal liability under § 1399(c)(2), payments still "shall be made . . . until the arbitrator issues a final decision with respect to [the matters referred under § 1401(a)]." 29 U.S.C. §§ 1399(c)(2), 1401. To the extent that this obligation attaches through the Notice and Demand process and continues regardless of arbitration (notwithstanding any disagreement on defenses), the claim remains one for withdrawal liability. Furthermore, because the ultimate "withdrawal liability" assessment is subject to arbitration and possible further challenge, the only "withdrawal liability" to which the Fund's complaint can properly refer is a claim for liability for interim payments. *See id.* § 1401(b)(2) (providing enforcement or challenge of arbitrator award).

Because the complaint alleges nonpayment of withdrawal liability despite an obligation to pay pending dispute and review, the Fund has sufficiently stated a claim for interim withdrawal liability payments. While fewer or different allegations may not survive dismissal, the instant complaint provides sufficient notice to enable response.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss Complaint (Doc. 5) is denied.

---

[2] Paragraph 2 of the complaint references a failure to make withdrawal liability payments "pending [defendant's] dispute of such liability" while paragraph 17 references "procedures that require [defendant] to make withdrawal liability payments . . . regardless of [defendant's] Request for Review." (Doc. 1, at 2, 4.)

Dated this 10th day of February, 2020, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
