UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH NATIONAL PENSION TRUST, et al.,

Plaintiffs,

v.

Case No. 19-2346-EFM

BECKER BOILER CO., INC.,

Defendant.

**ORDER**

The plaintiffs, Boilermaker-Blacksmith National Pension Trust and John Fultz, bring this action against defendant, Becker Boiler Co., Inc., arising from a dispute over funds paid to a pension fund. Plaintiffs are bringing the action to enforce defendant's payment under the Employee Retirement Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"). There is a pending arbitration for the underlying case, pursuant to the mandatory arbitration provision of the MPPAA.[1] The parties have selected the arbitrator, but no scheduling conference has been set.[2]

Plaintiffs have filed a motion to stay discovery (ECF No. 24) pending a ruling on their motion for judgment on the pleadings (ECF No. 22) by the presiding U.S. District

[1] ECF No. 25 at 1.

[2] ECF No. 29 at 4.

Judge, Eric F. Melgren. Defendant opposes the motion to stay, arguing a stay would deny it the right to discovery necessary to develop its defenses.[3] For the reasons set forth below, the motion to stay is denied.

Analysis

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[4] However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[5]

There has been no discovery in the case.[6] Plaintiffs argue defendant admitted in its answer the material facts necessary for plaintiffs to succeed on their dispositive motion, and the matters for which defendant seeks discovery pertain "to the merits of the Fund's

---

[3] ECF No. 30.

[4] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[5] *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

[6] ECF No. 30 at 4.

withdrawal liability assessment, which are already the subject of arbitration proceedings between the parties pursuant to MPPAA's mandatory arbitration provision."[7] Plaintiffs argue the defenses as to the underlying withdrawal liability assessment would need to be presented to the arbitrator in the first instance, under 29 U.S.C. Sec 1401(a)(1).[8]

Plaintiffs argue there is one discrete issue pending before Judge Melgren in the dispositive motion – whether a "pay now, dispute later" rule under the MPPAA applies here – and that limited inquiry can be decided on the present record.[9] Specifically, plaintiffs assert the court is limited by statute to what it can consider and "no discovery is needed with respect to any equity defense."[10] It cites a 2019 opinion from this court holding there is no equitable exception to the MPPAA rule, and although the Tenth Circuit has not addressed the issue, it found the Tenth Circuit "would rule either that no exception exists or that any possible exception is too narrow to apply in this case."[11]

Plaintiffs have filed their motion for a judgment on the pleadings, not a summary judgment motion. Courts evaluate a Rule 12(c) motion for judgment on the pleadings

---

[7] ECF No. 25 at 2.

[8] *Id.* at 6.

[9] *Id.* at 4-5.

[10] *Id.* at 5.

[11] *Boilermaker-Blacksmith Nat'l Pension Tr. v. PSF Indus., Inc.*, 424 F. Supp. 3d 1103, 1105 (D. Kan. 2019).

under the same standard as a Rule 12(b)(6) motion to dismiss.[12] Generally, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[13] In *Heistand v. Coleman*, which plaintiffs cite, the court examined the *Wolf* factors and noted conducting discovery would not affect resolution of the motion for judgment on the pleadings.[14] Notably, the defendants, not the plaintiff, were the party to file the motion for judgment on the pleadings and ask for a stay of discovery, and the pro se plaintiff did not file any response to the motion to stay.[15] The issues there were defenses of claim preclusion, issue preclusion, and qualified immunity, which the court held defendants were entitled to have resolved before being required to engage in discovery.[16]

Here, in contrast, defendant's main substantive argument opposing the motion for judgment on the pleadings is that it was brought prematurely and defendant argues it is entitled to discovery on an equitable defense. Defendant argues "[t]o bar, limit, or cabin discovery, at the outset, would deprive [it] of discovery supporting its defense theories, and otherwise prejudice [it] by limiting the case to [plaintiff's] theory of liability."[17] Defendant

---

[12] *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[13] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[14] *Heistand v. Coleman*, No. CIV.A. 08-3292-CM-DJ, 2009 WL 1226737, at *1 (D. Kan. Apr. 30, 2009).

[15] *Id.*

[16] *Id.*

[17] ECF No. 30 at 3.

has opposed the motion for judgment on the pleadings, contesting liability, damages, and the Fund's right to payment.[18] Defendant opposes plaintiffs' interpretation of the statute and argues the 2019 opinion plaintiffs cited applying the rule doesn't bar defendant's defenses in this case.[19]

The court agrees a ruling on the dispositive motion could conclude the case, as plaintiffs suggest. But based on the present record, the court cannot conclude discovery would not affect the resolution of this motion. Defendant has differentiated its case from situations like *Heistand* and has shown discovery may affect the resolution of the dispositive motion. The undersigned offers no opinion on the merits of the dispositive motion pending before Judge Melgren. However, the undersigned is persuaded by defendant's argument that discovery should not be stayed at this stage. All discovery by the parties must be commenced or served in time to be completed by **September 18, 2020**. Any further dispositive motions must be filed by **September 25, 2020**.

IT IS THEREFORE ORDERED that plaintiffs' motion to stay (ECF No. 24) is denied.

Dated May 18, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[18] ECF No. 29 at 2.

[19] *Id.* at 9.