## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BOILERMAKER-BLACKSMITH
NATIONAL PENSION TRUST, et al.,

*Plaintiff,*

vs.

Case No. 19-02346-EFM

BECKER BOILER CO., INC.,

*Defendant.*

### MEMORANDUM AND ORDER

This matter comes before the Court upon a Motion for Judgment on the Pleadings (Doc. 22) by Plaintiffs Boilermaker-Blacksmith National Pension Trust (the "Fund") and John Fultz as a fiduciary of the Fund. The Fund brought this suit against Defendant Becker Boiler Company ("Becker") to enforce Becker's obligation to make interim withdrawal liability payments to the Fund while the parties arbitrate Becker's ultimate liability. For the reasons stated below, the Court grants the Fund's Motion for Judgment on the Pleadings.

### I.        Factual and Procedural Background[1]

The Fund was a third-party beneficiary to a collective bargaining agreement between Becker and the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths,

---

[1] The facts are taken from the pleadings and construed in favor of the nonmovant, Defendant Becker.

Forgers and Helpers of America (the "Union").  Under this agreement, Becker was required to submit Pension Fund contributions for all work covered by the agreement—contributing money to the Fund on behalf of Becker's ununionized employees.

The Fund alleges that, for reasons not stated, after the Union lost its status as the bargaining representative of Becker's employees, the Fund's Board of Trustees voted to terminate Becker as a contributing employer to the Pension Fund.  The Fund claims this termination eliminated Becker's obligation to contribute to the Pension Fund.  However, the Fund asserts that Becker was still responsible for withdrawal liability in the form of payment of the unfunded vested benefits—a dispute that is facially subject to arbitration under the Employee Retirement Income Security Act ("ERISA").

The Fund sent Becker a Withdrawal Liability Notice and Demand. This letter informed Becker of (1) the Fund's termination of Becker as a contributing employer, (2) Becker's withdrawal liability as of November 13, 2018, (3) Becker's ability to pay a lump sum or monthly payments, and (4) notice of the due date for the first payment as January 14, 2019.

Becker admits to receiving the Notice and Demand letter but disagrees with its demands. Due to this disagreement, Becker responded with a Request for Review dated February 6, 2019. The Request for Review included (1) request for a rationale for the Fund's termination, (2) a challenge to the effective date of the withdrawal notice, (3) a dispute of the Fund's liability calculation, (4) assertions that liability would cause irreparable harm to Becker's business, and (5) request that the matter be submitted for review by the plan sponsor.  Arbitration, as required by ERISA, is now pending on these grounds.

Becker has made no withdrawal liability payments to the Fund as requested in the Notice and Demand letter.  However, Becker alleges an exception to the withdrawal liability should be made because the Fund's claims are frivolous, not colorable, and would result in irreparable harm.

The Fund alleges there are no material facts in dispute and seeks judgment on the pleadings for payment of the demanded withdrawal liability, interest, liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. § 1132(g)(2).  Becker argues material facts are still contested regarding its exceptions and asks the court to deny the Fund's Motion for Judgment on the Pleadings.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed as long as the motion is made early enough not to delay trial.  Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."[2]  All reasonable inferences from the pleadings are granted in favor of the non-moving party.[3]  Documents attached to the pleadings are exhibits and may be considered in deciding a Rule 12(c) motion.[4]

## III.    Analysis

The Fund filed this action seeking interim payments of withdrawal liability for the duration of the parties' arbitration.  Becker seeks an exception to the requirement of interim payments,

---

[2] *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quotation marks and citation omitted)

[3] *Id.*

[4] *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), abrogated on other grounds by *Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013).

alleging the Fund's claim is frivolous, not colorable, or would result in irreparable harm, and, therefore, it should not be liable for interim payments.

Under ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), an employer in complete withdrawal from a multiemployer pension trust is required to cover its share of any unfunded pension obligations.[5]  An employer is in complete withdrawal when it "permanently ceases to have an obligation to contribute under the plan[.]"[6]  After an employer completely withdraws from a multiemployer plan, the plan must notify the employer of the date it withdrew, determine the amount of withdrawal liability, and collect that amount from the employer.[7]  The withdrawal liability payments are calculated by the fund, assessed to the withdrawing employer according to a schedule set up by the fund, and payments should begin within 60 days after the fund demands payment.[8]

If a dispute arises between the pension fund and the employer over the withdrawal itself or the amount of the employer's obligation, they must arbitrate their dispute.[9]  While arbitration of the dispute proceeds, the employer must make periodic interim payments in amounts determined by the pension fund.[10]  These payments must follow the schedule set up by the fund and begin

---

[5] 29 U.S.C. § 1381.

[6] 29 U.S.C. § 1383

[7] 29 U.S.C. §§ 1382, 1399(b)(1).

[8] 29 U.S.C. § 1399(b)(1).

[9] 29 U.S.C. § 1401(a)(1); *see also* 29 U.S.C. §§1381–83.

[10] 29 U.S.C. §§ 1399(c)(2), 1401(d).

within 60 days of the fund's demand.[11]  This MPPAA requirement is commonly referred to as the "pay now, dispute later" provision.

Some Circuits have recognized exceptions to required withdrawal liability, however, the Tenth Circuit has not addressed exceptions.[12]  To date, this Court has followed the Sixth Circuit's reasoning "in refusing to recognize an equitable exception to the MPPAA's interim-payment mandate."[13]  The Sixth Circuit's reasoning, as iterated by this Court, for refusing to allow exceptions to the "pay now, dispute later" is based on the plain language of the MPPAA.[14]  Section 1399(c)(2) declares, "Withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor . . . ."  Section 1401(d) declares, "Payments shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision . . . ."  Through this plain language, Congress made clear that "employers shall make interim payments."[15]

Becker was in complete withdrawal from the pension fund, and therefore, is required to cover its share of any unfunded pension obligations.  When the Fund terminated Becker as a contributing member, Becker no longer had an obligation to contribute under the plan, resulting in complete withdrawal as defined by § 1383.  After Becker was in complete withdrawal, the Fund

---

[11] *Id.*

[12] *Boilermaker-Blacksmith National Pension Trust v. PSF Industries Inc.*, 424 F. Supp. 3d 1103, 1105 (D. Kan. 2019).

[13] *Id.* (citing *Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 726 F.3d 738, 753 (6th Cir. 2013) ("[W]e carry this reasoning to its conclusion: the MPPAA divests us of jurisdiction to bar interim payments.")).

[14] *See Findlay*, 726 F.3d at 753; *see also Boilermaker*, 424 F. Supp. 3d at 1105.

[15] *Findlay*, 726 F.3d at 754 (citing §§ 1399(c)(2), 1401(d)).

sent a Notice and Demand to Becker which included the amount of withdrawal liability and the expected payment schedule.  Pursuant to ERISA, Becker is required to pay those amounts according to the schedule demanded by the Fund.

Becker admits to receiving the Notice and Demand but disagrees with its demands.  As such, it requested that the dispute be arbitrated.  Meanwhile, Becker failed to make the interim payments as required by § 1399(c)(2) and § 1401(d).  Becker claims it should not be liable for interim payments because the Fund terminated its status as a contributing member.  Becker argues it should not have to make interim liability payments until the arbitrator resolves the disputed facts. However, this argument challenges whether Becker is in complete withdrawal under §§ 1381– 83—a dispute which must be resolved by arbitration under § 1401(a).  So long as the Tenth Circuit has not addressed exceptions to the "pay now, dispute later" provision of the MPPAA, this Court follows the Sixth Circuit and refuses to consider exceptions to the provision. Thus, Becker is still liable for making interim payments to the Fund during arbitration over these matters, according to the Notice and Demand schedule.

Finally, Becker argues that the Court should not decide this case on the pleadings because material issues of fact remain unaddressed.  However, according to the statute, all facts material to the judgment have been decided.  First, Becker went into complete withdrawal according to § 1383.[16]  Second, both parties agree the Fund sent a Notice and Demand letter that included the liability amount and withdrawal payment under § 1399(b)(1).  Finally, both parties agree that Becker has not made those interim payments required under § 1399(c)(2) and § 1401(d). Additional facts would contribute to whether the claim would fall into an exception, but this Court

---

[16] Even if Becker disputes complete withdrawal, it is an issue resolved by arbitration under § 1401(a).

has chosen not to allow exceptions to the plain statutory language requiring employers to "pay now, dispute later." Based on these agreed-upon facts, Becker is liable to make the interim withdrawal payments.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 22) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2020.

This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE